Jeremy E. Shulman (# 257582)
  jshulman@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
successor by merger to Wells Fargo
Bank Southwest, N.A., f/k/a
Wachovia Mortgage, FSB and World
Savings Bank, FSB ("Wells Fargo")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN L. METZGER, an individual; MARY F. HOVIS-METZGER, an individual, | CASE NO.: 2:14-cv-00526-JAK (SSx) |
| Plaintiffs, | **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| WELLS FARGO BANK, N.A., A National Association; WORLD SAVINGS BANK FSB, a Federal Savings Bank; and DOES 1 through 50, inclusive, | Date: March 24, 2014<br>Time: 8:30 a.m.<br>Ctrm: 750 - 7th Floor |
| Defendants. | [*Assigned to the Hon. John A. Kronstadt*] |

**TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on March 24, 2014, at 8:30 a.m., in

Courtroom 750 of the above-entitled court, located at 255 E. Temple Street, Los

Angeles, California 90012, defendant Wells Fargo Bank N.A., successor by merger

with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage

FSB, formerly known as World Savings Bank, FSB ("Wells Fargo"), will move

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order

dismissing the first through tenth claims for relief in the complaint.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Grounds for the motion to dismiss are:

2  1.  First Claim for Relief:  Lack of Standing

3  Plaintiffs fail to state a claim for relief for "lack of standing" because: (i) the

4  claim is preempted by the Home Owners' Loan Act (HOLA); (ii) plaintiffs fail to

5  allege a factual or legal basis for the claim; (iii) the claim is not pled with adequacy

6  or particularity; (iv) plaintiffs fail to plead the required elements; (v) plaintiffs fail

7  to plead facts sufficient to constitute a claim upon which relief can be granted; and

8  (vi) judicially noticeable documents establish Wells Fargo's ownership of the loan

9  and its right to foreclose.

10  2.  Second Claim for Relief: Wrongful Foreclosure - Violation of Civil

11  Code § 2923.5

12  Plaintiffs fail to state a claim for relief for violation of Civil Code § 2923.5

13  because: (i) the claim is preempted by HOLA; (ii) the statute does not apply to

14  large lenders; (iii) plaintiffs fail to allege a factual or legal basis for the claim;

15  (iv) the claim is not pled with adequacy or particularity; (v) plaintiffs fail to plead

16  the required elements; and (vi) plaintiffs fail to plead facts sufficient to constitute a

17  claim upon which relief can be granted.

18  3.  Third Claim for Relief: Violation of Civil Code § 2924.17

19  Plaintiffs fail to state a claim for relief for violation of Civil Code § 2924.17

20  because: (i) the claim is preempted by HOLA; (ii) the statute lacks a private right

21  of action for single violations; (iii) plaintiffs fail to allege a factual or legal basis

22  for the claim; (iv) the claim is not pled with adequacy or particularity; (v) plaintiffs

23  fail to plead the required elements; and (vi) plaintiffs fail to plead facts sufficient to

24  constitute a claim upon which relief can be granted.

25  4.  Fourth Claim for Relief: Negligence

26  Plaintiffs fail to state a negligence claim for relief because: (i) the claim is

27  preempted by HOLA; (ii) there is no duty of care on loan modification

28  applications; and (iii) plaintiffs fail to plead damage.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

5.    Fifth Claim for Relief: Violation of RESPA

Plaintiffs fail to state a claim for relief for violation of RESPA because: (i) plaintiffs fail to allege a factual or legal basis for the claim; (ii) the claim is not pled with adequacy or particularity; (iii) plaintiffs fail to plead the required elements; and (iv) plaintiffs fail to plead facts sufficient to constitute a claim upon which relief can be granted.

6.    Sixth Claim for Relief: Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiffs fail to state a claim for relief for breach of implied covenant of good faith and fair dealing because: (i) the claim is preempted by HOLA; (ii) plaintiffs fail to plead the required elements; (iii) plaintiffs fail to plead facts sufficient to constitute a claim upon which relief can be granted; and (iv) plaintiffs fail to allege a factual or legal basis for the claim.

7.    Seventh Claim for Relief: Unfair, Fraudulent Business Practice

Plaintiffs fail to state a claim for relief for violation of Business & Professions Code § 17200 because: (i) the claim is preempted by HOLA; (ii) plaintiffs fail to allege a factual or legal basis for the claim; (iii) the claim is not plead with adequacy or particularity; (iv) plaintiffs fail to plead the required elements; and (v) plaintiffs fail to plead facts sufficient to constitute a claim upon which relief can be granted.

8.    Eighth Claim for Relief: Unjust Enrichment

Plaintiffs fail to state a claim for unjust enrichment because: (i) the claim is preempted by HOLA; (ii) Wells Fargo is the successor through merger on the subject loan; and (iii) unjust enrichment is unavailable for parties to a written contract.

9.    Ninth Claim for Relief: Declaratory Relief

Plaintiffs fail to state a claim for declaratory relief because: (i) the claim is preempted by HOLA; (ii) plaintiffs fail to plead a factual or legal basis for the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   claim; (iii) plaintiffs fail to plead the required elements; (iv) plaintiffs fail to plead

2   facts sufficient to establish an ongoing controversy; (v) plaintiffs fail to plead facts

3   sufficient to constitute a claim upon which relief can be granted; and (vi) the claim

4   is duplicative of plaintiffs' other substantive claims.

5           10.    Tenth Claim for Relief: Quiet Title

6           Plaintiffs fail to state a claim for relief for quiet title because: (i) the claim is

7   preempted by HOLA; (ii) plaintiffs fail to plead a factual or legal basis entitling

8   them to quiet title; (iii) plaintiffs fail to plead the required elements; (iv) plaintiffs

9   fail to plead facts sufficient to constitute a claim upon which relief can be granted;

10  and (v) plaintiffs have not tendered the indebtedness.

11          This Motion is based on this notice, the memorandum of points and

12  authorities, the Request for Judicial Notice, the Complaint, and on Wells Fargo's

13  argument at the hearing.

14          **Compliance with Local Rule 7-3.**  This motion is made following the

15  conference of counsel pursuant to L.R. 7-3 which took place on January 22, 2014.

16  The parties were unable to resolve the issues raised by this motion.

17                                      Respectfully submitted,

18  Dated:  January 22, 2014           ANGLIN, FLEWELLING, RASMUSSEN,
                                       CAMPBELL & TRYTTEN LLP
19

20
                                       By:  ____/s/ Jeremy E. Shulman____
21                                          Jeremy E. Shulman
                                            jshulman@afrct.com
22                                          Attorneys for Defendant
                                            WELLS FARGO BANK, N.A.
23

24

25

26

27

28

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

# <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

1.   INTRODUCTION .................................................................................1

2.   SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS...............................................................1

3.   THE HOME OWNERS' LOAN ACT PREEMPTS PLAINTIFFS' STATE LAW CLAIM ........................................................................2

    A.   As A Federally-Chartered Savings Bank, World Savings Bank, FSB Operated Under HOLA .............................................................2

    B.   Regulations Promulgated By The OTS Preempt Any State Law That Affects Lending ...................................................................3

    C.   State Laws Preempted by HOLA....................................................4

    D.   The Application of HOLA Preempts Each State Law Claim Against Wells Fargo ......................................................................5

        i.   Standing Claims ..................................................................5

        ii.   Civil Code Servicing and Modification Claims ........................6

        iii.   Quiet Title.........................................................................8

4.   PLAINTIFFS HAVE NO CLAIM FOR SO-CALLED "LACK OF STANDING" (FIRST CLAIM) ..............................................................9

    A.   Wells Fargo Owns The Loan And Has The Legal Right To Foreclose.....................................................................................9

    B.   Plaintiffs' Securitization Allegations Do Not Support Their Claims.....................................................................................10

5.   PLAINTIFFS CANNOT STATE ANY 2923.5 CLAIM WHERE THE COMPLAINT ADMITS A PRE-NOTICE OF DEFAULT MODIFICATION REVIEW (SECOND CLAIM) ...................................15

6.   PLAINTIFFS ALSO FAIL TO STATE A CLAIM UNDER SECTION 2924.17 (THIRD CLAIM) ...............................................16

7.   THE NEGLIGENCE CLAIM FAILS WITHOUT A DUTY OF CARE (FOURTH CLAIM) ................................................................17

8.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER RESPA (FIFTH CLAIM) .................................................................................19

9.   PLAINTIFFS' BREACH OF IMPLIED COVENANT CLAIM FAILS (SIXTH CLAIM) ................................................................................21

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

10.  PLAINTIFFS FAIL TO STATE A CLAIM UNDER § 17200 (SEVENTH CLAIM)..................................................................22

11.  UNJUST ENRICHMENT IS NOT ACTIONABLE (EIGHTH CLAIM) ..............................................................................23

12.  THE CLAIM FOR DECLARATORY RELIEF FAILS (NINTH CLAIM) ..............................................................................24

13.  PLAINTIFFS FAIL TO STATE A CLAIM FOR QUIET TITLE (TENTH CLAIM)..............................................................................24

14.  CONCLUSION ............................................................................25

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Allen v. United Fin. Mortg. Corp.*,
　660 F. Supp. 2d 1089 (N.D. Cal. 2009) ......................................................20

*Almutarreb v. Bank of New York Trust Co., N.A.*,
　2012 U.S. Dist. LEXIS 137202 (N.D. Cal. Sept. 24, 2012).............................11

*Amerisource Bergen Corp. v. Dialysist West, Inc.*,
　465 F.3d 946 (9th Cir. 2006)......................................................................25

*Armstrong v. Chevy Chase Bank, FSB*,
　2012 U.S. Dist. LEXIS 144125 (N.D. Cal. Oct. 3, 2012) .............................17

*Bank of America v. City & County of San Francisco*,
　309 F.3d 551 (2002).....................................................................................4

*Bernardi v. JPMorgan Chase Bank, N.A.*,
　2012 U.S. Dist. LEXIS 1951 (N.D. Cal. Jan. 6, 2012) ...................................14

*Biggins v. Wells Fargo & Co.*,
　266 F.R.D. 399 (N.D. Cal. 2009) .................................................................8

*Bowles v. Reade*,
　198 F.3d 752 (9th Cir. 1999)........................................................................25

*Cerecedes v. U.S. Bankcorp*,
　2011 U.S. Dist. LEXIS 75559 (C.D. Cal. July 11, 2011) ...............................23

*Curcio v. Wachovia Mortg. Corp.*,
　2009 WL 3320499 (S.D. Cal. Oct. 14, 2009) ................................................8

*DeLeon v. Wells Fargo Bank, N.A.*,
　2011 U.S. Dist. LEXIS 8296 (N.D. Cal. 2011).............................................23

*DeLeon v. Wells Fargo Bank, N.A.*,
　729 F. Supp. 2d 1119 (N.D. Cal. June 9, 2010) .............................................4

*Deschaine v. IndyMac Mortg. Servs.*,
　2013 U.S. Dist. LEXIS 163203 (E.D. Cal. Nov. 15, 2013) ............................18

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Diunugala v. JP Morgan Chase Bank, N.A.*,
   2013 U.S. Dist. LEXIS 144326 (S.D. Cal. Oct. 3, 2013)..................................12

*Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta*,
   458 U.S. 141 (1982)....................................................................................4

*Glendale Fed. Sav. & Loan Ass'n v. Fox*,
   459 F. Supp. 903 (C.D. Cal. 1978).............................................................3

*Gonzales v. Wells Fargo Bank, N.A.*,
   2012 U.S. Dist. LEXIS 154851 (N.D. Cal. Oct. 29, 2012).............................17

*Gorton v. Wells Fargo*,
   2012 U.S. Dist. LEXIS 168158 (C.D. Cal. Nov. 27, 2012)............................7

*Gorton v. Wells Fargo Bank NA*,
   2013 U.S. Dist. LEXIS 86006 (C.D. Cal. June 3, 2013)...........................6, 7

*Guerrero v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010)..........................2, 4

*Gutierrez v. U.S. Bank, N.A.*,
   2013 U.S. Dist. LEXIS 14319 (C.D. Cal. Feb. 1, 2013)...............................11

*Hoffman v. Bank of America, N.A.*,
   2010 U.S. Dist. LEXIS 70455 (N.D. Cal. 2010).........................................18

*Hunt v. Wells Fargo Bank N.A.*,
   *supra*, 2011 U.S. Dist. Lexis 29110 (N.D. Cal. 2011) ...............................6

*Jelsing v. MIT Lending*,
   2010 U.S. Dist. LEXIS 68515 (S.D. Cal. July 9, 2010)...............................20

*Junger v. Bank of America, N.A.*,
   2012 U.S. Dist. LEXIS 23917 (C.D. Cal. Feb. 24, 2012) .............................11

*Junod v. Dream House Mortg. Co.*,
   2012 U.S. Dist. LEXIS 3865 (C.D. Cal. Jan. 5, 2012)............................19, 20

*Kaplan v. Wells Fargo Bank NA*,
   2013 U.S. Dist. LEXIS 109023 (C.D. Cal. July 30, 2013) ............................6

*Kenery v. Wells Fargo, N.A.*,
   2014 U.S. Dist. LEXIS 4672 (N.D. Cal. Jan. 14, 2014) ...............................6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Marquez v. Wells Fargo Bank, N.A.*,
2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013)...........................6, 17

*Mata v. Wells Fargo Bank, N.A.*,
2013 U.S. Dist. LEXIS 108197 (C.D. Cal. July 31, 2013) ..................................4

*Mehta v. Wells Fargo Bank, N.A.*,
737 F. Supp. 2d 1185 (S.D. Cal. Aug. 26, 2010) ...............................................16

*Naulty v. GreenPoint Mortg. Funding, Inc.*,
2009 U.S. Dist. LEXIS 79250 (N.D. Cal. Sept. 3, 2009).....................................5

*Newman v. Bank of N.Y. Mellon*,
2013 U.S. Dist. LEXIS 147562 (E.D. Cal. Oct. 11, 2013) ..........................11, 12

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
732 F. Supp. 2d 952 (N.D. Cal. 2010) ................................................................25

*Sandri v. Capital One, N.A. (In re Sandri)*,
2013 Bankr. LEXIS 4663 (Bankr. N.D. Cal. Nov. 4, 2013) ..............................12

*Sato v. Wachovia Mortg., FSB*,
2011 U.S. Dist. LEXIS 75418 (N.D. Cal. July 13, 2011) ....................................8

*Scott v. Pasadena Unified Sch. Dist.*,
306 F.3d 646 (9th Cir. 2002)...............................................................................24

*Settle v. World Savings Bank, FSB*,
2012 U.S. Dist. LEXIS 4215 (C.D. Cal. Jan. 11, 2012)......................................18

*Sharma v. Wachovia*,
2011 U.S. Dist. LEXIS 1736 (E.D. Cal. Jan. 6, 2011)......................................7, 8

*Shkolnikov v. JPMorgan Chase Bank*,
2012 U.S. Dist. LEXIS 177573 (N.D. Cal. Dec. 14, 2012) ...............................11

*Silvas v. E\*Trade Mortgage Corp.*,
514 F.3d 1001 (9th Cir. 2008)........................................................................4, 5, 8

*Slipak v. Bank of Am., N.A.*,
2011 U.S. Dist. LEXIS 131079 (E.D. Cal. Nov. 10, 2011) ...............................23

*Sullivan v. JP Morgan Chase Bank, NA*,
725 F. Supp. 2d 1087 (E.D. Cal. 2010)..............................................................17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Swartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007)...............................................................24

*Taguinod v. World Sav. Bank, FSB*,
 755 F. Supp. 2d 1064 (C.D. Cal. Dec. 2, 2010) ....................................1

*Tasaranta v. Homecomings Fin.*,
 2009 U.S. Dist. LEXIS 87372 (S.D. Cal. Sept. 21, 2009) ....................20

*Terrazas v. Wells Fargo Bank, N.A.*,
 2013 WL 5774120 (S.D. Cal. Oct. 24, 2013) .........................................6

*Thomas v. Deutsche Bank Nat'l Trust*,
 2012 U.S. Dist. LEXIS 63871 (N.D. Cal. May 7, 2012) ........................6

*Thu Ha Nong v. Wells Fargo Bank, N.A.*,
 2010 U.S. Dist. LEXIS 136464 (C.D. Cal. Dec. 6, 2010).....................15

*Toneman v. United States Bank*,
 2013 U.S. Dist. LEXIS 98996 (C.D. Cal. June 13, 2013)................12, 13

*Trinity Hotel Inv., LLC v. Sunstone OP Props., LLC*,
 2009 U.S. Dist. LEXIS 13692 (C.D. Cal. Feb. 5, 2009) .......................22

*Wende v. Countrywide Home Loans*,
 2012 U.S. Dist. LEXIS 25503 (S.D. Cal. Feb. 28, 2012) ...............19, 20

*Williams v. Wells Fargo Bank, NA*,
 2013 U.S. Dist. LEXIS 68615 (C.D. Cal. May 13, 2013)......................23

*Winding v. Cal-Western Reconveyance Corp.*,
 2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 21, 2011)......................5, 6

*Zarif vs. Wells Fargo Bank, N.A.*,
 2011 U.S. Dist. LEXIS 29867 (S.D. Cal. Mar. 23, 2011).......................8

**STATE CASES**

*Brownfield v. Daniel Freeman Marina Hosp.*,
 208 Cal. App. 3d 405 (1989)................................................................24

*Californians for Disability Rights v. Mervyn's, LLC*,
 39 Cal. 4th 223 (2006) ........................................................................23

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Carma Developers, Inc. v. Marathon Dev. Calif., Inc.*,
  2 Cal. 4th 342 (1992) ................................................................21, 22

*Conrad v. Bank of America*,
  45 Cal. App. 4th 133 (1996).................................................................19

*Eddy v. Sharp*,
  199 Cal. App. 3d 858 (1988).................................................................17

*Fields v. Napa Milling Co.*,
  164 Cal. App. 2d 442 (1958).................................................................19

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal. App. 4th 256 (2011)...............................................................13

*Glaski v. Bank of America*,
  218 Cal. App. 4th 1079 (5th App. Dist. 2013)........................9, 10, 12

*Hamilton v. Greenwich Investors XXVI, LLC*,
  195 Cal. App. 4th 1602 (2011)...............................................................23

*Jenkins v. JP Morgan Chase Bank, N.A.*,
  216 Cal. App. 4th 497 (2013)............................................10, 11, 12

*Jolley v. Chase Home Finance, LLC*,
  213 Cal. App. 4th 872 (2013)...............................................................18

*Jones v. Wells Fargo Bank*,
  112 Cal. App. 4th 1527 (2003)...............................................................23

*Mabry v. Superior Court*,
  185 Cal. App. 4th 208 (Cal. App. 4th Dist. 2010) ................15, 16, 18

*Nymark v. Heart Fed. Savs. & Loan Ass' n*,
  231 Cal. App. 3d 1089 (1991)...........................................................17, 18

*Quelimane Co. v. Stewart Title Guar. Co.*,
  19 Cal. 4th 26 (1998) ...............................................................18

*Shimpones v. Stickney*,
  219 Cal. 637 (1934) ...............................................................25

*Siliga v. Mortgage Electronic Registration Sys., Inc.*,
  219 Cal. App. 4th 75 (Cal. App. 2d Dist. Aug. 27, 2013)..............11, 14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Smith v. City and County of San Francisco*,
225 Cal. App. 3d 38 (1990)............................................................22

*Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*,
49 Cal. App. 4th 472 (1996)...........................................................17

*Weiss v. Washington Mutual Bank*,
147 Cal. App. 4th 72 (2007)............................................................5

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq.* ..........................................................passim

12 U.S.C. § 1464(a)..........................................................................3

12 U.S.C. § 2605............................................................................20

12 U.S.C. §§ 2605(c), (e) ...............................................................19

12 U.S.C. § 2605(e)(1)(A) ..............................................................19

12 U.S.C. §§ 2605(e)(2)(A)-(C).......................................................20

12 U.S.C. § 2605(f)(1) ....................................................................20

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200.............................................2, 22, 23

Cal. Bus. & Prof. Code § 17204.......................................................23

Cal. Civ. Code § 2923.5 ...........................................................passim

Cal. Civ. Code § 2923.5(g) .............................................................15

Cal. Civ. Code § 2923.55...............................................................22

Cal. Civ. Code § 2923.6 ................................................................6, 8

Cal. Civ. Code § 2924.17 ...............................................2, 6, 7, 16, 22

Cal. Civ. Code § 2924.17(c)............................................................17

Cal. Civ. Code § 2924.18(b) ...........................................................15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**REGULATIONS**

12 C.F.R. § 545.2 ............................................................................................3

12 C.F.R. § 560.2(a) .......................................................................................4

12 C.F.R. § 560.2(b) .....................................................................................4, 5

12 C.F.R. § 560.2(b)(4) ...................................................................................5

12 C.F.R. § 560.2(b)(7) ...................................................................................5

12 C.F.R. § 560.2(b)(9) ...................................................................................5

12 C.F.R. § 560.2(b)(10) ...............................................................................5, 8

**OTHER AUTHORITIES**

9 Witkin, *Summary of Cal. Law, Corporations* § 198 (10th ed. 2005) ....................4

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

Plaintiffs bring this action in an apparent attempt to stall a foreclosure that began with a loan default in 2012.  Plaintiffs' "kitchen sink" complaint mixes allegations on loan origination, loan modification and other statutory theories on the foreclosure process.  Much of the complaint is dedicated to complaints on loan modification reviews, yet plaintiffs admit they were reviewed and denied multiple times, which is all that is required by law.  Plaintiffs' state law claims are preempted under the Home Owners' Loan Act and are otherwise deficient on the face of the complaint.  As further briefed below, the Court should grant the instant motion to dismiss without leave to amend.

## 2.   SUMMARY OF THE COMPLAINT AND
## JUDICIALLY NOTICEABLE DOCUMENTS

In April 2007, plaintiffs obtained a home loan from World Savings Bank, FSB, for $536,000.00 (the "Loan").  (Request for Judicial Notice ("RJN") Exh. A, Note; Comp. ¶13.)  The Loan was secured by and recorded against real property commonly known as 4307 Palmero Drive, Los Angeles, California  (the "Property").  (Comp. ¶8; RJN Exh. B, Deed of Trust.)

In January 2008, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB, which then converted and merged with Wells Fargo Bank, N.A. in November 2009.[1]  (RJN Exh. C, D, E, F, G.)  Existing case law establishes that Wells Fargo is the legal successor to World Savings.  *Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1068 (C.D. Cal. Dec. 2, 2010) ("Wells Fargo's acquisition of World Savings Bank, FSB does not affect the HOLA preemption defense because the Complaint only addresses the transaction between Plaintiffs

---

[1]  Reference to Wells Fargo in this motion shall include Wells Fargo Bank, N.A. and the predecessor entities Wachovia Mortgage, FSB and World Savings Bank, FSB.

1   and World Savings Bank, FSB."); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S.

2   Dist. LEXIS 96261, *8 (C.D. Cal. Sept. 14, 2010) ("Where a national association,

3   such as [Wells Fargo Bank, N.A.], acquires the loan of a federal savings bank, it is

4   proper to apply preemption under HOLA.")

5       Plaintiffs allege financial difficulty in 2011.  (Comp. ¶20.)  Before recording

6   a Notice of Default, plaintiffs concede that Wells Fargo reviewed and denied them

7   for a Loan modification on at least two occasions.  (Comp. ¶¶27, 33.)  In July

8   2013, Wells Fargo caused a Notice of Default to be recorded reflecting Loan

9   arrears through June 25, 2013 of $30,927.04.  (RJN Exh. H.)  After the Notice of

10  Default recording, the complaint concedes that Wells Fargo considered and denied

11  at least another two applications.  (Comp. ¶¶39, 53, 54.)  Plaintiffs applied for

12  modifications seven times.  (Comp. ¶44.)  Plaintiffs do not allege that Well Fargo

13  has recorded a Notice of Trustee's Sale or that a foreclosure sale is presently

14  pending.  On September 9, 2013, plaintiffs claim their counsel sent Wells Fargo an

15  information request under the Real Estate Settlement Procedures Act ("RESPA").

16  Wells Fargo responded to the request on September 19, 2013 by providing the

17  Note and Deed of Trust.  (Comp. ¶48.)

18      Based on these allegations, plaintiffs asserts claims for: (1) lack of standing,

19  (2) violation of Cal. Civil Code § 2923.5, (3) violation of Cal. Civil Code

20  § 2924.17, (4) negligence; (5) RESPA; (6) breach of implied covenant;

21  (7) violation of Cal. Bus. & Prof. Code §17200, (8) unjust enrichment;

22  (9) declaratory relief; and (10) quiet title.

### 3.   THE HOME OWNERS' LOAN ACT
### PREEMPTS PLAINTIFFS' STATE LAW CLAIM

**A.   As A Federally-Chartered Savings Bank, World Savings Bank, FSB Operated Under HOLA**

27      All of plaintiffs' claims against Wells Fargo are preempted by the Home

28  Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, *et seq*., and its implementing

*Left margin (vertical):* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  regulations, including 12 Code of Federal Regulations ("CFR") § 560, articulated

2  by the Treasury Department's Office of Thrift Supervision ("OTS").

3      At the time of Loan origination, Wells Fargo's predecessor (World Savings

4  Bank, FSB) was a federally-chartered savings bank, organized and operating under

5  HOLA.  As explained above, World Savings changed its name to "Wachovia

6  Mortgage, FSB" and subsequently merged into "Wells Fargo Bank, N.A."

7  Attached to the RJN are true and correct copies of government records evidencing

8  the OTS' governance of the original lender and the merger into Wells Fargo.

9  (RJN, Exhs. C - G).

**B.      Regulations Promulgated By The OTS Preempt Any State Law That**
         **Affects Lending**

12      Pursuant to HOLA, the OTS was granted power, "under such regulations as

13  [it] may prescribe – to provide for the organization, incorporation, examination,

14  operation, and regulation of…Federal savings associations…"  12 U.S.C.

15  § 1464(a).  The OTS is thus authorized "to prescribe a nationwide system of

16  operation, supervision, and regulation which would apply to all federal

17  associations."  *Glendale Fed. Sav. & Loan Ass'n v. Fox*, 459 F. Supp. 903, 909

18  (C.D. Cal. 1978).

19      OTS regulations are "preemptive of any state law purporting to address the

20  subject of the operations of a federal savings association."  12 C.F.R. § 545.2.  The

21  "OTS hereby occupies the entire field of lending regulation for federal savings

22  associations…" and a federal savings bank, "may extend credit as authorized under

23  federal law, including this part, without regard to state laws purporting to regulate

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

or otherwise affect their credit activities." 12 C.F.R. § 560.2(a).[2] Furthermore, the courts are quite clear that the HOLA regulations are "pervasive":

> We have described HOLA and its following agency regulations as …
> so pervasive as to leave no room for state regulatory control.
> [B]ecause there has been a history of significant federal presence in
> national banking, the presumption against preemption of state law is
> inapplicable.

*Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1004-1005 (9th Cir. 2008).

**C.**   **State Laws Preempted by HOLA**

12 C.F.R. § 560.2(b) provides for preemption of state laws that purport to impose upon a federal savings bank and their successors[3] any requirements regarding:

> \* \* \*
>
> • **The terms of credit, including** amortization of loans

---

[2]  Indeed, case law casts a wide net over claims preempted by HOLA.  In *Bank of America v. City & County of San Francisco*, 309 F.3d 551, 558 (2002), the Court noted: "[S]ince the passage of the HOLA in 1933, OTS regulations have governed the 'powers and operations of every federal savings and loan association from its cradle to its corporate grave.'"  The Supreme Court has noted that, "[i]t would have been difficult for Congress to give the [OTS] a broader mandate." *Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 159-160 (1982).

[3]  The application of HOLA applies to the successors of federal savings banks.  See e.g*., Mata v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 108197, \*12 (C.D. Cal. July 31, 2013) (in finding that HOLA applied to the acts of Wells Fargo, the court noted that: "Plaintiffs contracted with a Federal Savings Bank. Further, the parties agreed to be bound by such laws under the terms of the trust deed.  Thus, HOLA preemption applies in this case."); *Guerrero v. Wells Fargo Bank, N.A*., 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) (same); *DeLeon v. Wells Fargo Bank, N.A*., 729 F. Supp. 2d 1119, 1121 (N.D. Cal. June 9, 2010) (same); see also, 9 Witkin, *Summary of Cal. Law, Corporations* § 198 (10th ed. 2005) (In a merger the surviving entity "succeeds to the rights, property, debts and liabilities, without other transfer.").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

and the deferral and capitalization of interest and
**adjustments to the interest rate, balance, payments
due**, or term to maturity of the loan, including the
circumstances under which a loan may be called due
and payable upon the passage of time or a specified
event external to the loan; 12 C.F.R. § 560.2(b)(4)

- **Security property**; 12 C.F.R. § 560.2(b)(7)
- **Disclosure and advertising**; 12 C.F.R. § 560.2(b)(9)
- **Processing**, origination, **servicing**, **sale** or purchase **of**, or
  investment or participation in, **mortgages**; … 12 C.F.R.
  § 560.2(b)(10) (emphasis added)

\* \* \*

**D.   <u>The Application of HOLA Preempts Each State Law Claim Against
Wells Fargo</u>**

Preemption under HOLA first questions whether the type of state law appears on the list set forth in 12 C.F.R. § 560.2(b).  If it does, the analysis ends and the state law is preempted.  There is no second step.  *Silvas, supra*, at 1005. Any doubt is resolved in favor of preemption.  *Weiss v. Washington Mutual Bank*, 147 Cal. App. 4th 72, 77 (2007) (among other things, fraud and UCL claims were preempted by HOLA).  It should be added that in determining whether a state law claim falls within one of the categories of 12 C.F.R. § 560.2(b), courts focus on the "functional effect upon lending operations of maintaining the cause of action", rather than the precise label a plaintiff attaches to the claim.  *Naulty v. GreenPoint Mortg. Funding, Inc*., 2009 U.S. Dist. LEXIS 79250, \*12 (N.D. Cal. Sept. 3, 2009).

**i.   <u>Standing Claims</u>**

In the first claim, plaintiffs seek to challenge Wells Fargo's "standing" under the Loan.  In *Winding v. Cal-Western Reconveyance Corp*., 2011 U.S. Dist. LEXIS

8962, at \*\*33-34 (E.D. Cal. Jan. 21, 2011), the court confirmed that claims relating to the ownership of the loan are preempted by HOLA.  It stated: "[Section] 560.2 preempts the complaint's allegations as to misconduct surrounding foreclosure originating from negotiable instrument issues.  HOLA preemption further warrants dismissal of the complaint's claims given that they address 'sale or purchase of . . . or participation in, mortgages.'"  *Id.*; *see also Terrazas v. Wells Fargo Bank, N.A.*, 2013 WL 5774120, at \*5 (S.D. Cal. Oct. 24, 2013); *Hunt v. Wells Fargo Bank N.A., supra,* 2011 U.S. Dist. Lexis 29110 at \*2 (N.D. Cal. 2011) ("any claims asserted by plaintiff related to … its sale to a subsequent purchaser … [are] preempted"); *Thomas v. Deutsche Bank Nat'l Trust*, 2012 U.S. Dist. LEXIS 63871, at \*\*11-12 (N.D. Cal. May 7, 2012) ("HOLA preempts all of Plaintiff's state law claims that are based upon the underlying alleged securitization of the loan, and the issues stemming from it.  Therefore, the Court GRANTS the motion to dismiss with prejudice").

### ii.   Civil Code Servicing and Modification Claims

In the second, third, fourth, sixth, seventh, eighth and ninth claims, plaintiffs challenge Wells Fargo's servicing activity relating to loan modification contact.  Courts routinely hold that claims bought under Civil Code §§ 2923.5, 2923.6 and 2924.17 concern loan servicing and processing under 560.2(b)(10), as well as involve the terms of credit and adjustments to loan terms under 560.2(b)(4).  *Gorton v. Wells Fargo Bank NA*, 2013 U.S. Dist. LEXIS 86006, at \*7 (C.D. Cal. June 3, 2013) (granting motion to dismiss because claim for alleged violation of Homeowners' Bill of Rights ["HBOR"] was preempted by HOLA); *Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364, at \*13 (N.D. Cal. Sept. 13, 2013) ("the court finds that the first through fourth causes of action, which allege various violations of the HBOR, are preempted by HOLA"); *Kaplan v. Wells Fargo Bank NA*, 2013 U.S. Dist. LEXIS 109023, at \*8 (C.D. Cal. July 30, 2013) ("Plaintiffs' … HBOR claims are preempted."); *Kenery v. Wells Fargo,*

1  *N.A.*, 2014 U.S. Dist. LEXIS 4672, at \*12-\*13 (N.D. Cal. Jan. 14, 2014) ("Because

2  § 2924.17 is also preempted by HOLA, Plaintiff's second  cause of action is

3  DISMISSED with prejudice.).

4       Loan modification claims are preempted because they directly affect lending

5  operations.  In *Gorton v. Wells Fargo,* 2012 U.S. Dist. LEXIS 168158 (C.D. Cal.

6  Nov. 27, 2012), the court found that HOLA preempted a loan modification claim

7  styled as a bad faith breach of contract claim under subsection (b):

8       The question before the Court is whether HOLA preempts such a

9       claim based on these facts and this legal theory.  The Court concludes

10       that it does.  Included on the *subsection (b)* list are "state laws

11       purporting to impose requirements regarding … (4) the terms of

12       credit, … including the circumstances under which a loan may be

13       called due and payable upon the passage of time or a specified event

14       external to the loan."

15  *Id.*, at \*\*18-20.[4]

16       Other cases apply the same reasoning.  In *Sharma v. Wachovia*, 2011 U.S.

17  Dist. LEXIS 1736 (E.D. Cal. Jan. 6, 2011), the plaintiff alleged various state law

18  causes of action against Wachovia Mortgage arising out of, among other things,

19  "Defendant['s] refus[al] to modify the loan."  *Id*. at \* 2.  Concerning HOLA

20  preemption, the Court ruled: "Because all of Plaintiffs' state claims involve types

21  of law listed in paragraph 560.2(b), all of Plaintiffs' claims are preempted by

---

[4] The *Gorton* court also noted that even if the claim were not preempted under
subsection (b), it would be preempted under subsection (c) as well: "Moreover,
were it not within these confines, the Court would have no difficulty concluding
that the law "affects lending" and that it is not otherwise saved from preemption by
any subsection (c) category…  The Court dismisses with prejudice Plaintiff's
claims based on her attempt to secure a loan modification…. Plaintiff's bad faith
claim is preempted by HOLA."  *Id*., at \*20.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  HOLA and must be dismissed." *Id.* at *6; *see also Zarif vs. Wells Fargo Bank,*

2  *N.A.*, 2011 U.S. Dist. LEXIS 29867, at **8-9 (S.D. Cal. Mar. 23, 2011) ("each of

3  Plaintiffs' claims specifically challenge the processing of Plaintiffs' loan

4  modification application and servicing of Plaintiffs' mortgage, and fall within the

5  specific types of preempted state laws listed in § 560.2(b)(4) & (10))"); *Sato v.*

6  *Wachovia Mortg., FSB*, 2011 U.S. Dist. LEXIS 75418, at *20 (N.D. Cal. July 13,

7  2011) (dismissing claim alleging that lender violated Civ. Code § 2923.6 by failing

8  to modify her loan; claim "clearly falls under the preemption provisions for

9  'processing, origination, sale or purchase of ... mortgages' and 'terms of credit'");

10  *Curcio v. Wachovia Mortg. Corp.*, 2009 WL 3320499, at *6 (S.D. Cal. Oct. 14,

11  2009) (finding claims based on bank's alleged refusal to modify plaintiff's loan

12  preempted); *Biggins v. Wells Fargo & Co.,* 266 F.R.D. 399, 417 (N.D. Cal. 2009)

13  ("Plaintiffs allege that 'Defendants have routinely refused to discuss good faith

14  modifications of' their loans … [The claim] directly implicates § 560.2(b)(10),

15  which preempts state laws relating to 'processing, origination, servicing, sale or

16  purchase of, or investment or participation in mortgages'").

### iii.   **Quiet Title**

17

18       The final claim to quiet title merely incorporates the first nine claims of the

19  complaint and suffers the same defect from preemption as discussed above.  Where

20  a state law claim merely incorporates preempted activity under 560.2(b), the claim

21  is also preempted.  *Silva, supra,* 514 F.3d at 1004-1005 (preemption of 17200

22  claim); *Sato, supra,* 2011 U.S. Dist. LEXIS 75418, at *23 (preemption of quiet title

23  among other claims).

24       As discussed in the cases above, plaintiffs' claims fit squarely within

25  §§ 560.2(b)(4), (7), (9) and (10).  If not preempted, these types of state law claims

26  would heavily impinge upon the lending and servicing policies of federal loan

27  associations, their successors, and their loans.  This is something Congress sought

28  to avoid through the passage of HOLA.  Because the preemption of state law

*Left margin (vertical):* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   claims cannot be cured, the Court should grant the motion to dismiss without leave

2   to amend.

3       **4.   PLAINTIFFS HAVE NO CLAIM FOR SO-CALLED**

4          **"LACK OF STANDING" (FIRST CLAIM)**

5       In the first claim for relief, plaintiffs challenge the foreclosure proceedings.

6   Plaintiffs conclude that defendants lack standing to record the Notice of Default

7   based on conclusory allegations that the original Note was never physically

8   transferred to a securitized trust under the holding in *Glaski v. Bank of America*,

9   218 Cal. App. 4th 1079 (5th App. Dist. 2013).  (Comp. ¶¶59-72).  However, in

10  addition to being preempted by HOLA, this claim is refuted by judicially

11  noticeable documents and is legally irrelevant.

12  **A.   Wells Fargo Owns The Loan And Has The Legal Right To Foreclose**

13      First, contrary to plaintiffs' conclusions, which lack any factual basis,

14  judicially noticeable documents show that Wells Fargo owns the loan as World

15  Savings' successor and has the legal right to foreclose.  Plaintiffs obtained the

16  Loan from World Savings in 2007.  ( RJN Exhs. A & B).  The Note and Deed of

17  Trust identify "WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR

18  ASSIGNEES" as the "Lender".  (RJN Exhs. A & B.)  World Savings simply

19  changed its name to Wachovia Mortgage, FSB effective January 1, 2008, and in

20  November 2009, Wachovia Mortgage, FSB was ultimately merged into Wells

21  Fargo Bank, N.A.  (RJN Exhs. C-G.)  Moreover, nothing in the Notice of Default

22  (RJN Exh. H) refers to an alleged securitized trust or any purported trustee as was

23  the case in *Glaski*.  Based on these facts, Wells Fargo owns the Loan and has the

24  absolute right to foreclose on the Property.

25      Further, the complaint acknowledges that plaintiffs contacted Wells Fargo

26  for a loan modification.  Thus, plaintiffs' position that Wells Fargo has full

27  authority to modify the Loan and halt foreclosure proceedings, but lacks authority

28  to initiate foreclosure proceedings following the admitted default, is entirely

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   irreconcilable and borderline frivolous.

2   **B.      Plaintiffs' Securitization Allegations Do Not Support Their Claims**

3         Second, plaintiffs disingenuously allege that defendants lack standing to

4   foreclose based on the securitization of the Loan and lack of possession of the

5   original note.  Many borrowers have raised these arguments in an attempt to

6   forestall or undo a foreclosure, and many courts in California have rejected them as

7   a matter of law.

8         Plaintiffs cite a decision from the California Fifth District Court of Appeal,

9   *Glaski v. Bank of Am., N.A.*, 218 Cal. App. 4th 1079 (2013).  In *Glaski*, the court

10  held that a borrower can assert a wrongful foreclosure claim based on a post-

11  closing date transfer of a loan into a securitized trust under New York law.

12  However, a Fourth District Court of Appeal, in a decision that preceded *Glaski*,

13  held that borrowers lacked standing to enforce any agreements relating to the

14  securitization of their loan.  *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App.

15  4th 497, 515 (2013).

16        The court in *Jenkins* concluded that no legal basis exists for an action to

17  challenge a lender's authority to initiate foreclosure.  "California courts have

18  refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to

19  pursue preemptive judicial actions to challenge the right, power, and authority of a

20  foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue

21  foreclosure."  *Id.* at 511.  Indeed, "the statutory provisions . . . do not require that

22  the foreclosing party have an actual beneficial interest in both the promissory note

23  and deed of trust to commence and execute a nonjudicial foreclosure sale."  *Id.* at

24  513.  The *Jenkins* court further ruled that no actual controversy exists between a

25  defaulted borrower and the lender who allegedly does not possess the note.

26  "Because a promissory note is a negotiable instrument, a borrower must anticipate

27  it can and might be transferred to another creditor.  As to plaintiff, an assignment

28  merely substituted one creditor for another, without changing her obligations under

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   the note." *Id.* at 515 (internal quotations omitted).

2       Recently, the court in *Siliga v. Mortgage Electronic Registration Sys., Inc.*,

3   219 Cal. App. 4th 75, 83 (Cal. App. 2d Dist. Aug. 27, 2013), also observed that

4   "California courts have refused to allow trustors to delay the nonjudicial

5   foreclosure process by pursuing preemptive judicial actions challenging the

6   authority of a foreclosing 'beneficiary' or beneficiary's 'agent'" and ruled that the

7   plaintiffs could not bring a preemptive suit challenging the defendants' authority to

8   foreclose.

9       California federal courts have also held consistently that a borrower cannot

10   state "*any cause of action*" based on a post-closing assignment of a loan to a

11   securitized trust in violation of the Pooling and Servicing Agreement ("PSA").

12   *Newman v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 147562, at *9 (E.D. Cal.

13   Oct. 11, 2013) (emphasis in the original).  *See Gutierrez v. U.S. Bank, N.A.*, 2013

14   U.S. Dist. LEXIS 14319, at *4 (C.D. Cal. Feb. 1, 2013) (stating that courts in the

15   Ninth Circuit have "repeatedly rejected" claims predicated on a post-closing loan

16   transfer to securitized trusts in violation of a PSA); *Shkolnikov v. JPMorgan Chase*

17   *Bank*, 2012 U.S. Dist. LEXIS 177573, at *35-41 (N.D. Cal. Dec. 14, 2012) ("[t]he

18   majority position is that plaintiffs lack standing to challenge noncompliance with a

19   PSA in securitization unless they are parties to the PSA or third party beneficiaries

20   of the PSA"); *Junger v. Bank of America, N.A.*, 2012 U.S. Dist. LEXIS 23917, at

21   *2-*3, *6-*9 (C.D. Cal. Feb. 24, 2012) (dismissing plaintiff's claim that

22   "defendants failed to adhere to the January 31, 2006 deadline for transferring the

23   note as required by the pool servicing agreement," because plaintiff lacked

24   standing to assert such a claim).  These courts have reasoned that "because

25   [borrowers] [are] not parties to the PSA, they lack standing to challenge the

26   validity of the securitization process, including whether the loan transfer occurred

27   outside the temporal bounds prescribed by the PSA." *Almutarreb v. Bank of New*

28   *York Trust Co., N.A.*, 2012 U.S. Dist. LEXIS 137202, at *5 (N.D. Cal. Sept. 24,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

2012).

In *Sandri v. Capital One, N.A. (In re Sandri)*, 2013 Bankr. LEXIS 4663, at *13-*15 (Bankr. N.D. Cal. Nov. 4, 2013), the debtor relied on *Glaski* in asserting that any assignment of the Note that occurred after the closing date of the PSA was ineffective and therefore the defendants could not enforce the Note and DOT.  The Court stated:

> The court disagrees, as *Glaski* is inconsistent with the majority line of cases and is based on a questionable analysis of New York trust law.
>
> *1. The Weight of Authority is Against Glaski*
>
> **While Glaski allowed a borrower to challenge foreclosure on the basis that a securitized mortgage trustee's attempt to accept the loan after a trust's closing date was void under New York law (the law governing the pooling and servicing agreement), it is an outlier. A majority of district courts in California have held that borrowers do not have standing to challenge the assignment of a loan because borrowers are not party to the assignment agreement.** [Citing list of cases].

*Id.* (citations omitted).  Indeed, as the Court noted in *Newman,* "no courts have yet followed *Glaski* and *Glaski* is in a clear minority on the issue.  Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, this Court [should] continue to follow the majority rule."  *Newman*, 2013 U.S. Dist. LEXIS 147562, at *9-*10, n. 2, *citing Toneman v. United States Bank*, 2013 U.S. Dist. LEXIS 98996, at *30-*31 (C.D. Cal. June 13, 2013) and *Jenkins*, 216 Cal. App. 4th at 515.  *See also Diunugala v. JP Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 144326, at *22-*24 (S.D. Cal. Oct. 3, 2013) (rejecting *Glaski*).  Accordingly, plaintiff lacks standing to challenge Wells Fargo's authority to foreclose based on alleged defects in the alleged securitization of the loan.

1    In *Toneman,* the plaintiffs similarly alleged that the loan was not properly

2    transferred to the securitized trust, and thus the defendants lacked authority to

3    foreclose.  The court dismissed the claim on numerous grounds stating:

4    **The court finds the majority approach more persuasive. Even**

5    **if procedurally defective, any transaction through which**

6    **defendants securitized their interest in the loan and deed of**

7    **trust that occurred subsequent to the date Union Federal**

8    **loaned money to plaintiffs does not impact plaintiffs.**

9    **Moreover, even if plaintiffs are correct that the loan was not**

10   **timely transferred to the trust, "that does not mean that the**

11   **owner of the note and deed of trust could not therefore**

12   **foreclose;" rather, "[t]hat would simply mean that the loan was**

13   **not put into the trust (i.e., the investment vehicle)."  Such an**

14   **infirmity would not affect U.S. Bank's "authority [as] set forth**

15   **in the deed and assignment documents to initiate foreclosure."**

16   *Id*. Because plaintiffs have not alleged that they are parties to or

17   third party beneficiaries of the PSA, they do not have standing to

18   allege claims based on improper securitization of the loan. Their

19   assertion that the assignment to U.S. Bank was legally ineffective

20   because it was not done in the manner required by the PSA is

21   unavailing. **Their wrongful foreclosure claim must therefore be**

22   **dismissed.**

23   *Toneman*, 2013 U.S. Dist. LEXIS 98996, at *28-*32 (citations and footnotes

24   omitted; emphasis added).

25    Hence, even if plaintiffs' allegations are correct, which they are not, that

26   would simply mean that the loan was never transferred into the alleged trust, which

27   does not affect Wells Fargo's authority (as successor in interest to World Savings)

28   to foreclose as set forth in the Deed of Trust. *See Fontenot v. Wells Fargo Bank,*

Anglin Flewelling Rasmussen Campbell & Trytten llp

1    *N.A.*, 198 Cal. App. 4th 256, 272 (2011) (where plaintiff failed to assert that the

2    defendant had not received an assignment of the debt "in any manner," the court

3    held that the plaintiff had not properly alleged a claim for wrongful foreclosure).

4    Here, as discussed above, Wells Fargo owns the loan as the successor in

5    interest to World Savings via merger.  Thus, plaintiffs' challenge of the

6    foreclosure, based on the alleged untimely transfer of the Note to the trust, does not

7    affect Wells Fargo's standing to foreclose as successor to World Savings.  This is

8    particularly true since plaintiffs allege that the purported transfer of the loan to the

9    securitized trust was void.  Therefore, pursuant to plaintiffs' allegations, the loan

10   remained with World Savings.  See *Bernardi v. JPMorgan Chase Bank, N.A.*, 2012

11   U.S. Dist. LEXIS 1951, at *5 (N.D. Cal. Jan. 6, 2012) ("But if the loan was never

12   properly assigned to another entity, then it remained part of WMB's assets, which

13   JPMorgan acquired through the PSA Agreement.  Plaintiffs have not alleged a

14   theory under which their debt obligation ended up in the possession of a third party

15   rather than JPMorgan.  Nor do plaintiffs allege that any third party has ever come

16   forward attempting to enforce the debt, making plaintiffs' claim yet more

17   implausible.").

18   Finally, plaintiffs' claim fails because they have not alleged, and cannot

19   allege, any prejudice resulting from the alleged failure to timely transfer the Note

20   into the alleged securitized trust.  As the Court stated in *Siligas,* "Separate and

21   apart from the foregoing, the [Plaintiffs] fail to allege any facts showing that they

22   suffered prejudice as a result of any lack of authority of the parties participating in

23   the foreclosure process.  The [Plaintiffs] do not dispute that they are in default

24   under the note. The assignment of the deed of trust and the note did not change the

25   [Plaintiffs'] obligations under the note, and there is no reason to believe that [the

26   Lender] as the original lender would have refrained from foreclosure in these

27   circumstances.  Absent any prejudice, the [Plaintiffs] have no standing to complain

28   about any alleged lack of authority or defective assignment." *Siliga*, 219 Cal. App.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   4th at 85.  Here, plaintiffs have not alleged any facts showing that they were

2   prejudiced by foreclosure proceedings.  The baseless "standing" challenge should

3   therefore be dismissed without leave to amend.

4   **5.   PLAINTIFFS CANNOT STATE ANY 2923.5 CLAIM WHERE**

5   **THE COMPLAINT ADMITS A PRE-NOTICE OF**

6   **DEFAULT MODIFICATION REVIEW (SECOND CLAIM)**

7       Plaintiffs' second claim alleges that the recording of the Notice of Default

8   proceeded without compliance with the Civil Code §2923.5 contact requirements.

9   (Comp. ¶82, RJN Exh. H.)

10      As in initial matter, the current version of 2923.5 only applies to lenders that

11  "foreclosed on 175 or fewer residential properties" in the preceding annual

12  reporting period.  Civil Code §§2923.5(g), 2924.18(b).  Nowhere do plaintiffs

13  allege that those facts apply to Wells Fargo.  Since plaintiffs fail to allege the

14  statutory predicate, they have not stated a claim.

15      Even if the statute did apply to Wells Fargo, plaintiffs have not stated a

16  claim.  The declaration attached to the Notice of Default alleges contact with the

17  borrower prior to the recording.  (RJN Exh. H.)  That contact is confirmed

18  throughout the complaint where plaintiffs admit to pre-Notice of Default

19  communications with Wells Fargo.  (E.g., Comp. ¶¶26, 27, 29.)  Plaintiffs even

20  admit that Wells Fargo reviewed them for loan modifications before recording the

21  Notice of Default.  (Comp. ¶¶27, 33.)  A loan modification review has been

22  deemed to comply with the very minimal contact requirements of section 2923.5.

23  *Thu Ha Nong v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 136464, at *4-*5

24  (C.D. Cal. Dec. 6, 2010).  The 2923.5 claim also fails because the only available

25  remedy before foreclosure is a postponement of the sale.  *Mabry v. Superior Court*,

26  185 Cal. App. 4th 208, 214 (Cal. App. 4th Dist. 2010) ("the remedy for

27  noncompliance is a simple postponement of the foreclosure  sale, nothing more.").

28  The complaint does not allege any scheduled sale date or even the recording of a

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Notice of Trustee's Sale.  Without allegations of an impending sale, there is no

2   remedy that is available under the statute.

3        For each of the reasons briefed above, the Court should dismiss the claim

4   under Civil Code §2923.5 without leave to amend.

5   **6.   PLAINTIFFS ALSO FAIL TO STATE A CLAIM**

6   **UNDER SECTION 2924.17 (THIRD CLAIM)**

7        Plaintiffs' third claim alleges that defendants violated Civ. Code §2924.17

8   by "recording an inaccurate declaration pursuant to section 2923.5."  (Comp. ¶88.)

9        Regarding the alleged "falsity" of the declaration, plaintiffs' complaint

10  admits pre-Notice of Default contact with Wells Fargo as discussed above in

11  modification reviews that took place in September 2012 and March 2013.  (Comp.

12  ¶¶27, 33.)  Plaintiffs go on to allege that they seek a copy of any assignment of

13  their Loan. (Comp. ¶89.)  However, as briefed above Wells Fargo owns the Loan

14  through a merger of entities, not through the existence of an assignment.  (RJN

15  Exhs. C-G.)

16       To the extent that plaintiffs challenge the lack of specific facts in the

17  declaration of compliance (Comp. ¶88), the Court of Appeal has already clarified

18  that the compliance declaration is only required to track the statute and nothing

19  more.  *Mabry, supra*, 185 Cal. App. 4th at 214 ("There is no indication that the

20  Legislature wanted to saddle lenders with the need to "custom draft" the statement

21  required by the statute in notices of default."; *See also Mehta v. Wells Fargo Bank,*

22  *N.A.*, 737 F. Supp. 2d 1185, 1193 (S.D. Cal. Aug. 26, 2010) (court rejected the

23  plaintiffs argument that Wells Fargo violated § 2923.5 because "there is no

24  evidence on the face of the declaration that the declarant had any personal

25  knowledge of the averments contained therein" and dismissed the claim with

26  prejudice.).

27       Finally, section 2924.17 does not provide a private right of action for alleged

28  single violations.  Relief under the statute is limited to "any mortgage servicer that

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   engages in multiple and repeated uncorrected violations." Civ. Code §2924.17(c);

2   *Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364, at *16, fn. 2

3   (N.D. Cal. Sept. 13, 2013). Without a single violation, private right of action, the

4   claim must be dismissed.

5   **7.   THE NEGLIGENCE CLAIM FAILS WITHOUT**

6   **A DUTY OF CARE (FOURTH CLAIM)**

7   Plaintiffs' negligence claim is premised on the idea that Wells Fargo

8   negligently handled their modification applications. (Comp. ¶¶95-103.)

9   As an initial matter, " [t]he determination whether a duty exists is primarily

10   a question of law." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988). " [A]bsent

11   a duty, the defendant' s care, or lack of care, is irrelevant." *Software Design and*

12   *Application Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996). In

13   *Nymark v. Heart Fed. Savs. & Loan Ass' n*, the court explained: " [A]s a general

14   rule, a financial institution owes no duty of care to a borrower when the institution'

15   s involvement in the loan transaction does not exceed the scope of its conventional

16   role as a mere lender of money." 231 Cal. App. 3d 1089, 1096 (1991). Indeed, "

17   [l]iability to a borrower for negligence arises only when the lender ' actively

18   participates' in the financed enterprise ' beyond the domain of the usual money

19   lender.' " *Id.*

20   Here, Wells Fargo' s purported negligent conduct occurred in connection

21   with the processing of plaintiffs' loan modification application, which does not

22   extend beyond the normal business of a lender. *See, Armstrong v. Chevy Chase*

23   *Bank, FSB*, 2012 U.S. Dist. LEXIS 144125, *11-12 (N.D. Cal. Oct. 3, 2012);

24   *Sullivan v. JP Morgan Chase Bank, NA*, 725 F. Supp. 2d 1087, 1094 (E.D. Cal.

25   2010) (citing *Nymark* and holding that " [p]laintiffs have provided no authority to

26   support their argument that lenders owe borrowers a duty of care not to misinform

27   them about the loan modification process" ); *Gonzales v. Wells Fargo Bank, N.A.*,

28   2012 U.S. Dist. LEXIS 154851 at *20 (N.D. Cal. Oct. 29, 2012) (" A loan

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   modification, which is nothing more than a renegotiation of loan terms, falls well

2   within an institution' s conventional money-lending role." ); *Settle v. World*

3   *Savings Bank, FSB*, 2012 U.S. Dist. LEXIS 4215, at *24 (C.D. Cal. Jan. 11, 2012)

4   ("Numerous cases have characterized a loan modification as a traditional money

5   lending activity, warranting application of the rule articulated in *Nymark v. Heart*

6   *Fed. Savings & Loan Ass' n*, 231 Cal.App.3d 1089, 283 Cal. Rptr. 53 (1991), that a

7   financial institution in general owes no duty of care to a borrower.  *See id.* at

8   1096).[5]  Because plaintiff cannot establish a duty of care or a breach, the

9   negligence claim cannot survive.  *Quelimane Co. v. Stewart Title Guar. Co.*, 19

10  Cal. 4th 26, 57-60 (1998).

11      Plaintiffs also fail to plead damage and cannot do so since they have no right

12  to a modification of the loan terms.  See e.g., *Hoffman v. Bank of America, N.A.*,

13  2010 U.S. Dist. LEXIS 70455, *15 (N.D. Cal. 2010) (" lenders are not required to

14  make loan modifications for borrowers that qualify under HAMP, nor does the

15  servicer' s agreement confer an enforceable right on the borrower" ); *Mabry v.*

16  *Superior Court*, 185 Cal. App. 4th 208, 223-224 (2010).

17      Plaintiffs cannot alleged damage here with no right to a loan modification

18  and a preexisting legal obligation to make loan payments to Wells Fargo.  The law

19  is well-settled that without damages, a plaintiff has no remedy and without a

20

21  _____

22  [5]  The case of *Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872 (2013) is

23  readily distinguishable as it involved a construction loan where the lender often

    times plays on ongoing role in the construction enterprise. *Deschaine v. IndyMac*

24  *Mortg. Servs.*, 2013 U.S. Dist. LEXIS 163203, at *18 (E.D. Cal. Nov. 15, 2013)

    ("Because the majority of California courts hold that loan modification activities

25  are part and parcel of a loan servicer's 'conventional role as a lender of money,'

26  Nymark, 231 Cal. App. 3d at 1096, and because plaintiff has not alleged any facts

    that show a special relationship with IndyMac, plaintiff cannot allege that IndyMac

27  owed him a duty of care. Accordingly, the court must grant IndyMac's motion to

28  dismiss plaintiff's negligence claim.").

remedy, there is no viable claim.  See e.g., *Conrad v. Bank of America*, 45 Cal. App. 4th 133, 159 (1996) (" Misrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages" ); *Fields v. Napa Milling Co*., 164 Cal. App. 2d 442, 448 (1958) (" a wrong without damage does not constitute a cause of action for damages . . ." ).

For these reasons, the Court should dismiss the negligence claim without leave to amend.

### 8.   PLAINTIFFS FAIL TO STATE A
### CLAIM UNDER RESPA (FIFTH CLAIM)

In the fifth claim, plaintiffs allege that Wells Fargo violated RESPA, 12 U.S.C. § 2605(c), (e), by failing to provide the information requested in their purported QWR.  (Comp. ¶¶104-112).

First, the September 9, 2013 letter is not an actionable QWR, which reads more like a discovery request seeking forty or fifty different categories of documents.   Many federal courts have rejected RESPA claims based on such wide-ranging documents.  In *Junod v. Dream House Mortg. Co.*, 2012 U.S. Dist. LEXIS 3865, at *9-*12 (C.D. Cal. Jan. 5, 2012), a case very similar to the present action, the court dismissed the RESPA claim on several grounds.  The court stated: "This all-encompassing request for documents and records are not the type of information RESPA contemplates. Particularly, Defendants aver that the alleged QWR does not request information directed to the servicing of a loan. See 12 U.S.C. § 2605(e)(1)(A).  The Court must agree.").  *Junod v. Dream House Mortg. Co.*, 2012 U.S. Dist. LEXIS 3865, at *9-*12 (citations omitted).  *See also Wende v. Countrywide Home Loans*, 2012 U.S. Dist. LEXIS 25503 (S.D. Cal. Feb. 28, 2012) (court rejected a RESPA claim based on a letter which "effectively demands anything that relates to his loan from its inception through July 2009, and in some requests, beyond.  Such requests lack sufficient detail under RESPA and do not fall within its confines.")  *Id*. at *9-*13 (citing *Junod*).

<u>Second</u>, as the *Junod* court recognized, RESPA only requires loan servicers to respond to a proper QWR by correcting the account discrepancy, explaining why the account is correct, or if the information is unavailable, by providing contact information for someone who can assist the borrower with her inquiry.  12 U.S.C. §§ 2605(e)(2)(A)-(C).  *Junod*, 2012 U.S. Dist. LEXIS 3865, at *12 ("Thus, even if Plaintiffs' August 16, 2011 letter was otherwise a proper QWR, their request exceeds the scope of information Defendants were required to provide in response.").  This is also true in this case.  Since, as discussed above, the letter did not identify any *specific* servicing discrepancy, no RESPA-mandated response was required.  Indeed, there was no discrepancy for Wells Fargo to "correct" or explain. Thus, plaintiffs' request exceeded the scope of information Wells Fargo was required to provide.  Therefore, Wells Fargo's alleged failure to provide the documents and information requested by plaintiffs did not constitute a violation of RESPA.  *See also Wende*, 2012 U.S. Dist. LEXIS 25503, at *9-*13 (failure to respond to wide-ranging alleged QWR did not constitute a violation of RESPA).

<u>Third</u>, plaintiffs fail to allege actual damage as required for a RESPA claim. 12 U.S.C. § 2605, a borrower can recover "any actual damages." 12 U.S.C. § 2605(f)(1).  Here, the complaint does not allege any actual damage suffered by plaintiffs as a result of the alleged RESPA violations.  See *Tasaranta v. Homecomings Fin*., 2009 U.S. Dist. LEXIS 87372, *11 (S.D. Cal. Sept. 21, 2009) ("Plaintiffs do not allege any damage as a result of the alleged failure to provide the required notice. See 12 U.S.C. § 2605(f)(1) (borrow can recover 'any actual damages to the borrow as a result of the failure').");  *Jelsing v. MIT Lending*, 2010 U.S. Dist. LEXIS 68515, at *5 (S.D. Cal. July 9, 2010) (Conclusory allegations that plaintiffs "were harmed and were unable to evaluate the Loans or correct their account" held insufficient to plead damages, an essential element of a RESPA claim");  *Allen v. United Fin. Mortg. Corp*., 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("Allen only offers the conclusory statement that 'damages consist of the loss

1  of plaintiff's home together with his attorney fees.' Compl. P 38. He has not

2  actually attempted to show that the alleged RESPA violations caused any kind of

3  pecuniary loss (indeed, his loss of property appears to have been caused by his

4  default).").

5      For all of these reasons, the RESPA claim should be dismissed without leave

6  to amend.

### 9.   PLAINTIFFS' BREACH OF IMPLIED COVENANT CLAIM FAILS (SIXTH CLAIM)

9      The requisite elements for breach of implied covenant of good faith and fair

10  dealing include a contract, the plaintiff's own performance or excuse for

11  nonperformance, the defendant's breach, and the resulting damages to the plaintiff.

12  However, rather than plead the breach of an express term of the contract, the

13  plaintiff must plead that the defendant unfairly interfered with the plaintiff's right

14  to receive the benefits of the contract as expressed.  *Carma Developers, Inc. v.*

15  *Marathon Dev. Calif., Inc.*, 2 Cal. 4th 342, 371-75 (1992).

16      In the sixth claim, plaintiffs have not alleged any facts to show how Wells

17  Fargo unfairly interfered with their right to receive the benefits of the Note and

18  Deed of Trust.  Instead, plaintiffs reassert the allegations which form the basis of

19  their other claims. (FAC ¶¶113-120).  Since the breach of implied covenant claim

20  echoes plaintiffs' other claims, it fails on the same grounds.

21      Moreover, plaintiffs fail to plead any provision in the contract limiting the

22  assignment of the loan, requiring their consent, or requiring the exploration of

23  options to avoid foreclosure or assessing plaintiffs' financial situation.  In fact,

24  plaintiffs agreed in the Note and/or the Deed of Trust that the lender is "WORLD

25  SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES" or "anyone

26  to whom this Note is transferred".  (RJN Exhs. A, p. 1, ¶1 and B, p. 1, ¶1(C)).

27  They also agreed in the Deed of Trust that "any Person who takes over Lender's

28  rights or obligations under this Security Instrument will have all of Lender's rights

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   and will be obligated to keep all of Lender's agreements made in this Security

2   Instrument." (RJN Exh. B, p. 8, ¶11).  Thus, plaintiffs agreed to a future

3   assignment of the loan upon origination in 2007.

4       Furthermore, the claim fails on its face because it is based on *extra-*

5   *contractual* statutory duties relating the alleged obligations under Civil Code §

6   2923.5.  (Comp. ¶115.)  "[T]he covenant of good faith and fair dealing is, by

7   definition, an implied contract term; it has no relation to any statutory duties which

8   may exist."  *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49

9   (1990) (rejecting argument that "implied covenant can exist based on certain

10  statutory duties imposed" on the defendant).  Thus, plaintiffs may not base an

11  implied covenant claim on the extra-contractual duties found in Civil Code

12  §§ 2923.55 or 2924.17. Moreover, Wells Fargo was expressly permitted to

13  commence the non-judicial foreclosure based on the express terms of the parties'

14  loan agreement.  (RJN Exh. B – DOT ¶28, p. 13).  There can be no claim for

15  breach of the implied covenant as a result.  *Carma Developers, Inc.,* 2 Cal. 4th at

16  374 (implied terms should never be read to vary express terms).

17      Finally, as stated above, one element of a breach of implied covenant claim

18  is that the plaintiffs did all, or substantially all, of the significant things the contract

19  required.  *See Trinity Hotel Inv., LLC v. Sunstone OP Props., LLC*, 2009 U.S. Dist.

20  LEXIS 13692 (C.D. Cal. Feb. 5, 2009).  As plaintiffs have not alleged their

21  performance under the Note and Deed of Trust or excuse for non-performance, the

22  claim must be dismissed.

23      **10.  PLAINTIFFS FAIL TO STATE A CLAIM**

24      **UNDER § 17200 (SEVENTH CLAIM)**

25      The seventh claim for relief asserts a claim for violation of Bus. & Prof.

26  Code § 17200 *et seq.* ("Section 17200") based on the alleged violation of  Civil

27  Code § 2923.5.   (Comp. ¶122). Thus, this claim is entirely preempted by HOLA.

28  *See* Section 3, *supra*.  Moreover, the claim fails for the reasons set forth in

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Sections 4 and 5, *supra*.  *Williams v. Wells Fargo Bank, NA*, 2013 U.S. Dist. LEXIS 68615, at *13 (C.D. Cal. May 13, 2013) ("Plaintiff's pleadings fail to allege any unlawful business practices that are not tied to his already-dismissed Section 2923.5 claim, and so this claim must be dismissed."); *Cerecedes v. U.S. Bankcorp*, 2011 U.S. Dist. LEXIS 75559, at *15-*17 (C.D. Cal. July 11, 2011) (Section 17200 claim dismissed where plaintiffs failed to allege an independent claim for violations of California's non-judicial foreclosure scheme, Cal. Civ. Code §§ 2923.5, 2924-29241); *Slipak v. Bank of Am., N.A.*, 2011 U.S. Dist. LEXIS 131079, at *11-*12 (E.D. Cal. Nov. 10, 2011).

Finally, plaintiffs lack standing to sue under Section 17200 unless (1) they have "suffered injury in fact" and (2) "ha[ve] lost money or property as a result of" the conduct they challenge.  *See* Bus. & Prof. Code § 17204; *Californians for Disability Rights v. Mervyn's, LLC,* 39 Cal. 4th 223, 227 (2006).  Here, however, plaintiffs fail to plead facts showing that they suffered an actual loss due to Wells Fargo's alleged conduct.  Indeed, any injury and loss would have been caused by plaintiffs' failure to make the mortgage payments as promised.  (RJN Exh. D).  See *DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296 (N.D. Cal. 2011); *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602 (2011) (Court rejected plaintiffs' attempt to state a § 17200 claim based on an alleged violation of former Civil Code § 2923.5).

**11.  <u>UNJUST ENRICHMENT IS NOT ACTIONABLE (EIGHTH CLAIM)</u>**

This claim is just a further extension of the note ownership theory.  It is well documented and argued above that Wells Fargo is the successor through merger to World Savings and has rights under the subject Loan in that capacity.  (RJN Exhs. C-G.)  Moreover, unjust enrichment is inapplicable where a defendant has merely obtained that to which it was entitled to pursuant to a contract between the parties.  *See, e.g., Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527, 1541 (2003) (holding that where plaintiff alleged no facts to show unjust enrichment except for

1   a note and forbearance agreement between the parties, defendants would not be

2   unjustly enriched "by receiving contingent interest to which they are legally

3   entitled.").

### 12.   THE CLAIM FOR DECLARATORY
### RELIEF FAILS (NINTH CLAIM)

6          Declaratory relief is an equitable remedy available when legal remedies will

7   not suffice.  *Brownfield v. Daniel Freeman Marina Hosp.*, 208 Cal. App. 3d 405,

8   414 (1989).  To state a declaratory relief claim, plaintiffs must specifically plead an

9   actual present controversy and the facts of the respective claims concerning the

10  underlying subject.  This is true whether brought under state law or the Federal

11  Declaratory Judgment Act.  *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646,

12  658 (9th Cir. 2002).

13         The ninth claim fails to set forth any existing controversy between the

14  parties.  Plaintiffs allege that an actual controversy exists "as to whether

15  Defendants have any authority to foreclose and Defendants' rights to title of the

16  Plaintiffs' PROPERTY."  (Comp. ¶130).  However, plaintiffs' declaratory relief

17  claim is merely duplicative of the first claim disputing Wells Fargo's standing, and

18  as briefed above, it fails to state a viable claim against Wells Fargo.  Thus, there is

19  no "ongoing controversy" between the parties and the ninth claim for relief should

20  be dismissed.  *Swartz v. KPMG LLP*, 476 F.3d 756, 765-66 (9th Cir. 2007) ("To

21  the extent [plaintiff] seeks a declaration of defendants' liability for damages sought

22  for his other causes of action, the claim is merely duplicative and was properly

23  dismissed.").

### 13.   PLAINTIFFS FAIL TO STATE A CLAIM
### FOR QUIET TITLE (TENTH CLAIM)

26         In the tenth claim for relief, plaintiffs seek to quiet title to the Property based

27  on allegations that Wells Fargo has "no right, title, estate, lien or interest in the

28  subject PROPERTY".  (Comp. ¶¶133-138).  Indeed, this claim is based on the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  preceding claims for relief.  (Comp. ¶133.)  Since, those claims fail, plaintiffs have

2  not stated any basis to quiet title.

3        Moreover, plaintiffs' failure to tender the indebtedness conclusively defeats

4  their claim for quiet title.  "It is settled in California that a mortgagor cannot quiet

5  his title against the mortgagee without paying the debt secured." *Shimpones v.*

6  *Stickney*, 219 Cal. 637, 649 (1934).  "A basic requirement of an action to quiet title

7  is an allegation that plaintiffs 'are the rightful owners of the property, *i.e.*, that they

8  have satisfied their obligations under the deed of trust.'" *Rosenfeld v. JPMorgan*

9  *Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (citation omitted).

10  "Thus, it is dispositive as to this claim that, under California law, a borrower may

11  not assert 'quiet title' against a mortgagee without first paying the outstanding debt

12  on the property." *Id.*  Here, plaintiffs do not allege any facts showing they

13  tendered repayment of the debt or satisfied their obligations under the Deed of

14  Trust.  Thus, plaintiffs have no viable claim.

15              **14.  <u>CONCLUSION</u>**

16        In light of the pleading deficiencies identified above, including preemption

17  under HOLA, leave to amend should be denied because it would be futile.

18  *Amerisource Bergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir.

19  2006); *Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir. 1999).  The Court should

20  grant the motion in its entirety and dismiss this action with prejudice.

21

22                              Respectfully submitted,

23  Dated:  January 22, 2014          ANGLIN, FLEWELLING, RASMUSSEN,
                                      CAMPBELL & TRYTTEN LLP
24

25                              By:  ____/s/ Jeremy E. Shulman____
26                                   Jeremy E. Shulman
                                     jshulman@afrct.com
27                                   Attorneys for Defendant
                                     WELLS FARGO BANK, N.A.
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE
OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Attorneys for Plaintiffs:*

Stephen R. Golden
Edwin Essakhar
STEPHEN R. GOLDEN & ASSOCIATES
600 N. Rosemead Boulevard, Suite 100
Pasadena, California 91107
*Tel: 626.584.7800; Fax: 626.568.3529*
*Email: businesslaw@stephenrgolden.com*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **January 29, 2014.**

| Lina Velasquez | /s/ Lina Velasquez |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

CASE NO.: 2:14-CV-00526-JAK (SSX)
CERTIFICATE OF SERVICE

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP