Jeremy E. Shulman (# 257582)
  jshulman@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
successor by merger to Wells Fargo
Bank Southwest, N.A., f/k/a
Wachovia Mortgage, FSB and World
Savings Bank, FSB ("Wells Fargo")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BRIAN L. METZGER, an individual; MARY F. HOVIS-METZGER, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., A National Association; WORLD SAVINGS BANK FSB, a Federal Savings Bank; and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO.: 2:14-cv-00526-JAK (SSx)<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:  March 24, 2014<br>Time:  8:30 a.m.<br>Ctrm:  750 - 7th Floor<br><br>[*Assigned to the Hon. John A. Kronstadt*] |

# **TABLE OF CONTENTS**

Page

1. INTRODUCTION ..........................................................................................1

2. THE FIRST AMENDED COMPLAINT ADDS A "DUAL-TRACKING" CLAIM, BUT OTHERWISE FAILS TO AMEND THE INITIAL COMPLAINT IN ANY MATERIAL WAY. .........................2

3. LIKE THE INITIAL COMPLAINT, THE FAC FAILS TO STATE AN ACTIONABLE CLAIM AGAINST WELLS FARGO. ........................3

   A. The Dual-Tracking Allegations Cannot Rescue The Case From Dismissal. ..............................................................................4

   B. The FAC Still Lacks Support For A Viable Pre-Notice of Default Contact Claim Beit Under Civil Code Section 2923.5 or 2923.55. .......................................................................................6

4. CONCLUSION...............................................................................................7

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## 1. INTRODUCTION

Wells Fargo filed its motion to dismiss plaintiffs' complaint on January 29, 2014, making an amended complaint due, as of right, 21-days later on February 19, 2014. Fed. R. Civ. P. 15(a)(1)(B). Instead of filing a timely amended complaint, plaintiffs filed a notice of intention to amend on February 28, 2014, long after the due date for an actual amended complaint. (Dkt. # 11.) With the motion to dismiss set for hearing on March 24, 2014, plaintiffs opposition was due on March 3, 2014. Local Rule 7-9. Yet, plaintiffs filed no opposition, which should be deemed as consent to the granting of the motion under Local Rule 7-12.

Nevertheless, in an effort to advance the case, the Court issued an order on March 4, 2014, noting the untimeliness of the purported amendment, but allowing the FAC to be filed with a supplemental briefing schedule on the pending motion to dismiss, for the parties to address the viability of the amendment. (Dkt. #12.) Like the initial complaint, the FAC fails to state any actionable claim against Wells Fargo. Pursuant to the Court's order, this memorandum is limited to addressing the fact that the amendments fail to state an actionable claim. Except as necessary to address the amendment, this memorandum will not reargue points raised in the moving papers as plaintiffs have already waived their rights to oppose those grounds for dismissal.[1]

For reasons briefed below, Wells Fargo's motion to dismiss should be granted in all respects. In light of permitting a prior opportunity to amend, further leave to amend should be denied, and the Court should dismiss the action with prejudice. In the event the Court declines to dismiss the case with prejudice on the pending motion to dismiss, Wells Fargo requests that it have the opportunity to file a formal Rule 12(b) motion to dismiss the FAC.

---

[1] Wells Fargo objects if plaintiffs use their supplemental brief to effectively file a late opposition to the motion to dismiss on matters where the FAC is identical to the initial complaint.

## 2. THE FIRST AMENDED COMPLAINT ADDS A "DUAL-TRACKING" CLAIM, BUT OTHERWISE FAILS TO AMEND THE INITIAL COMPLAINT IN ANY MATERIAL WAY.

The FAC is largely identical to the initial complaint with the addition of a dual-tracking claim in the second claim for relief and the deletion of a claim under the Real Estate Settlement Procedures Act.  The following compares the initial complaint to the FAC[2]:

- Regarding the preliminary and general allegations, paragraphs 1-63 of the FAC are nearly identical to the complaint. The only true amendment is that plaintiffs have added new paragraphs 35-40 making the argument that plaintiffs' third loan modification submission in June 2013 created a dual-tracking issue with the Notice of Default recorded the same month.  (FAC ¶¶35-40.)  The new dual-tracking claim and argument is addressed in detail below.

- The first claim for relief for lack of standing in the FAC is materially identical to the complaint.  (Compare Comp. ¶¶59-73 with FAC ¶¶64-78.)

- As mentioned, the second claim for relief for "dual-tracking" under Civil Code §2923.6(c) is newly-added to the FAC.

- Regarding the third claim for relief in the FAC, plaintiffs have merely substituted Civil Code 2923.55 in place of 2923.5 to address the argument that section 2923.5 no longer applies to Wells Fargo.  As further addressed below, the claim remains substantively deficient.  The substantive allegations regarding pre-Notice of Default contact remain the same.  (Compare Comp. ¶¶74-84 with FAC ¶¶95-105.)

- The fourth claim under Civil Code §2924.17 has not been amended in any material way.  (Compare Comp. ¶¶85-94 with FAC ¶¶106-115.)

---

[2] Plaintiffs failed to comply with this Court's standing order re: redlining of amended pleadings.

- The fifth claim for negligence is largely the same with the exception of an added dual-tracking allegation at FAC ¶¶121 and 123. Otherwise the claim is identical to Comp. ¶¶95-103.
- The sixth claim for breach of the implied covenant adds a dual-tracking reference at ¶130, but is otherwise identical to the complaint ¶¶113-120.
- The remaining claims under Bus & Prof. Code § 17200, for unjust enrichment, for declaratory relief and to quiet title are all materially the same as the initial complaint. (Compare Comp. ¶¶121-138 with FAC ¶¶136-153.)

### 3. LIKE THE INITIAL COMPLAINT, THE FAC FAILS TO STATE AN ACTIONABLE CLAIM AGAINST WELLS FARGO.

As a preliminary matter, the limited amendments presented by the FAC fail to cure many legal defects present in the initial complaint. Those defects include, without limitation: (1) preemption under the Home Owners' Loan Act, (2) Wells Fargo's "standing" to foreclose as the successor through merger to World Savings, (3) Wells Fargo's satisfaction of the pre-Notice of Default contact requirements through admitted loan modification reviews, (4) the absence of a claim under Civil Code 2924.17 to challenge the form of compliance declaration in a single borrower case, (5) the failure to plead a duty of care or damage supporting negligence, (6) the absence of an implied covenant claim based on "standing" issues and other foreclosure mechanics, (7) the absence of predicates for 17200 and a lack of standing by plaintiffs without an injury in fact, (8) the fact that unjust enrichment does not exist alongside a contractual relationship, (9) the fact that the request for declaratory relief is unsupported and duplicates other claims, and (10) black letter law that a borrower cannot quiet title against a lender without paying the debt in full.

/ / /
/ / /
/ / /

### A. The Dual-Tracking Allegations Cannot Rescue The Case From Dismissal.

The most significant amendment in the FAC is the addition of a Civil Code §2923.6 dual tracking claim in the second claim for relief and the addition of paragraphs 35-40. In sum, even though plaintiffs previously gave a detailed history of modification activity that included at least 7 modification reviews and denials (Comp. ¶44), plaintiffs have now advanced a dual-tracking theory. Despite this extensive history, the FAC attempts to manufacture a new dual-tracking claim in arguing that "plaintiffs submitted a request for assistance under HAMP" that Wells Fargo was reviewing when it recorded a Notice of Default on June 27, 2013. (FAC ¶¶35-36.)

Such claims are preempted by HOLA as implicating both 12 CFR 560.2(b)(4) for loan terms and adjustments and (b)(10) for loan processing and servicing. *Williams v. Wells Fargo Bank, NA*, 2014 U.S. Dist. LEXIS 17215, at *33-*34 (C.D. Cal. Jan. 27, 2014) ("The Court finds that the way in which lenders evaluate loan modification applications fall within these categories. See, e.g., Kaplan v. Wells Fargo N.A., 2013 U.S. Dist. LEXIS 109023, at *10-11 (C.D. Cal. July 30, 2013. In addition, the Court finds that Plaintiffs' claim of 'dual tracking' is also preempted.")(citing *Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364, 2013 WL 5141689, at *5 (N.D. Cal. Sept. 13, 2013); *Deschaine v. IndyMac Mortg. Servs.*, 2014 U.S. Dist. LEXIS 8541, at *25-*26 (E.D. Cal. Jan. 22, 2014)

Even if the dual-tracking claim was not preempted, it still fails for numerous reasons. First, the dual-tracking restrictions do not apply unless there is a "complete application" pending at the time of the alleged action that constituted dual-tracking. The FAC attempts to gloss over this requirements. Thus, while plaintiffs allege to have sent in another modification application in June 2013 before the Notice of Default recording, there is no specific allegation that the

1  application was "complete" at the time of the recording on June 27, 2013.  At
2  most, plaintiffs say their application was complete, but fail to specify if that took
3  place before or after the Notice of Default recording, which is the critical question.
4  (FAC ¶37.)  And the Wells Fargo letter that plaintiffs rely on fails to confirm that
5  Wells Fargo had a complete application on June 25, 2013.  (FAC Exh. 2.)  In sum,
6  that letter merely states that Wells Fargo received documentation and that it will be
7  reviewed.  (Id.)  Notably, plaintiffs do not even attach a copy of the documentation
8  that they submitted to Wells Fargo.  Plaintiffs give this Court no information on
9  what Wells Fargo required for a complete loan modification application. Plaintiffs'
10 pleading amounts to a mere legal conclusion, at best.

11       Second, the FAC concedes that Wells Fargo denied the application on July
12 15, 2013.  (FAC ¶40.)  Civil Code §2924.12(a)(2), (b) and (c) specifically allow for
13 a cure of any technical defect where the lender corrects or remedies the alleged
14 violation.  Since the FAC concedes that Wells Fargo denied the June 2013
15 application in July 2013, the alleged violation has been cured and the claim is
16 moot.  Nothing in the statute says that a claim can continue after the defect is
17 remedied.  In fact, 2924.12(c) provides that a lender "shall not be liable for any
18 violation that it has corrected and remedied prior to the recordation of a trustee's
19 deed up on sale."

20       Finally, and most importantly, the dual-track provisions do not even apply
21 here because plaintiffs were previously reviewed and denied, and nothing in the
22 FAC suggests that they documented a material change in financial circumstances
23 to Wells Fargo with their June 2013 application.  Civ. Code §2923.6(g).  Through
24 2923.6(g), the Legislature specifically exempted dual-track liability for what
25 plaintiffs have attempted to do here by submitting repeat applications after they
26 had already been denied for modifications.  Subsection (g) prevents the very abuse
27 that plaintiffs have attempted in receiving prior modification denials while
28 continuing to reapply with the hopes of stalling the foreclosure process.  Dual-

tracking is unavailable in such circumstances. *Saber v. JPMorgan Chase Bank, N.A.*, 2014 U.S. Dist. LEXIS 8718, at *5-*6 (C.D. Cal. Jan. 23, 2014)("Defendant argues that the statute does not apply because Plaintiff previously applied for a loan modification in 2009. Mot. at 7; RJN Ex. 8 ¶ 54. The Court agrees. Section 2923.6(g) exempts loan servicers from evaluating a modification application if the borrower has been evaluated for a loan modification prior to January 1, 2013.") In sum, pursuant to 2923.6(g), there can be no dual tracking following prior modification applications without a showing of a documented material change, which plaintiffs here fail to allege. *Rockridge Trust v. Wells Fargo, N.A.*, 2013 U.S. Dist. LEXIS 139606, 92-93 (N.D. Cal. Sept. 25, 2013) ("Shahani was evaluated for a loan modification prior to January 1, 2013. Plaintiffs have not alleged that there was any change in Shahani's financial circumstances after July 2012, or that Shahani notified Defendants of any such change. Accordingly, the dual tracking and notice provisions contained in § 2923.6 do not apply in this case.").[3]

### B. The FAC Still Lacks Support For A Viable Pre-Notice of Default Contact Claim Beit Under Civil Code Section 2923.5 or 2923.55.

The third claim for relief in the FAC is the same as the initial complaint (claim two), other than correcting the statutory authority from 2923.5 to 2923.55, which applies to large lenders, rather than the prior-version that applied to Wells Fargo before 2013. Yet, the FAC does not correct the other main deficiency, namely that plaintiffs admit pre-Notice of Default loan modification reviews, which go above and beyond the statutory requirements and are deemed to satisfy

---

[3] Wells Fargo notes that plaintiffs have included the dual-tracking argument in the negligence and breach of implied covenant claims. (FAC ¶¶121, 123, 130.) As incorporated in those claims the dual-tracking argument fails for reasons briefed above. Moreover, the negligence and breach of implied covenant claims fail for other reasons addressed more fully in the pending Motion to Dismiss.

the pre-Notice of Default contact obligations. *Thu Ha Nong v. Wells Fargo Bank, N. A.*, 2010 U.S. Dist. LEXIS 136464, at *4-*5 (C.D. Cal. Dec. 6, 2010). Because plaintiffs concede modification reviews and communications before the June 2013 Notice of Default, this claim must fail. (FAC ¶¶26, 27, 28, 33.) The declaration attached to the Notice of Default recites that Wells Fargo contacted plaintiffs before recording the Notice. The FAC admits such contact in the context of modification reviews. (FAC ¶¶25-33.) Nothing more was required. *E.g.*, *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 231-232 (2010) (holding, in part, that a modification review is above and beyond the requirements of section 2923.5).

### 4. CONCLUSION

In light of the pleading deficiencies identified in the moving papers, and the failure to cure the deficiencies in the FAC, further leave to amend should be denied as futile. *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir. 1999). The Court should therefore grant the motion in its entirety and dismiss this action with prejudice.

Respectfully submitted,

Dated: March 13, 2014

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Jeremy E. Shulman
Jeremy E. Shulman
jshulman@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Attorneys for Plaintiffs:*

Stephen R. Golden
Edwin Essakhar
STEPHEN R. GOLDEN & ASSOCIATES
600 N. Rosemead Boulevard, Suite 100
Pasadena, California 91107
*Tel: 626.584.7800; Fax: 626.568.3529*
*businesslaw@stephenrgolden.com*
*edwin.essakhar@stephenrgolden.com*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **March 13, 2014.**

| Marianne Mantoen | */s/ Marianne Mantoen* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |